**William Darryl EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–96–194–CR.**

Court of Appeals of Texas,
Waco.

Oct. 30, 1996.

John M. Hurley, Waco, for appellant.

John W. Segrest, Criminal District Attorney, Phil Martinez, Asst. District Attorney, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

**COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

PER CURIAM.

To what amount of relief can a defendant be entitled and still be involved in an *"Anders"* appeal? We believe that the answer is zero, *i.e.* if the defendant is entitled to *any* relief from the appellate court he is not prosecuting a frivolous appeal. Thus, if there is an arguable basis for requesting any relief, counsel should present that argument to the appellate court in a brief on the mer-

its, rather than seeking to withdraw under the *Anders* procedure. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.—Waco 1994) (orders on *Anders* briefs).

William Darryl Evans pleaded guilty to sexual assault in exchange for a ten year sentence, probated for ten years, and a $500 fine in October 1995. TEX. PENAL CODE ANN. § 22.011 (Vernon 1994 & Supp.1996). He failed to abide by the terms and conditions of his community supervision and the court revoked it in August 1996, imposing the originally assessed ten years' incarceration. Although he has appealed from the revocation hearing, his appointed attorney filed a motion to withdraw and a supporting *"Anders"* brief. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; *Johnson,* 885 S.W.2d at 645–46. Counsel identifies a potential error which might entitle Evans to reformation of the judgment but concludes that the appeal is nevertheless frivolous. We disagree with counsel's conclusion.[1] Therefore, we grant the motion to withdraw, as we must, and abate this appeal for appointment of new counsel.

In the brief, Evans' attorney points out that although the court orally found that the State's allegations one through seven[2] were true, the written judgment shows that the court found violations one through eight true.[3] Counsel "suggests" that "it may be necessary to reform the judgment" and that "reformation may be indicated", citing *Asberry v. State,* 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) and *Smith v. State,* 790 S.W.2d 366, 368 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). However, he also notes that "such reformation would not afford Appellant any relief."

■ We cannot agree that reformation of the judgment does not constitute "relief." The Rules of Appellate Procedure specifically provide that we may "modify the judgment of the court below by correcting or reforming it." TEX.R.APP. P. 80(b). Thus, if Evans is entitled to have the judgment reformed to match the court's oral findings, he is entitled to some "relief" from this court. The issue then becomes whether such relief is sufficient to establish that an arguable point may be raised in this appeal.

■ In *Johnson,* we discussed the attorney's role in a frivolous appeal and noted that:

> Determining that an appeal is "frivolous" is not a conclusion to be reached lightly. As described by the United States Supreme Court, appellate counsel has the duty to "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." *McCoy[ v. Court of Appeals of Wisconsin, Dist. 1,* 486 U.S. 429, 438, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988)]. "In searching for the strongest arguments available, the attorney must be zealous and must resolve *all* doubts and ambiguous legal questions in favor of his or her client." *Id.* 486 U.S. at 444, 108 S.Ct. at 1905 (emphasis added). If the only theories that the attorney can discover after this conscientious review of the record and the law are "arguments that cannot *conceivably* persuade the court," then the appeal should be considered frivo-

---

1. We also make two observations about counsel's letter to Evans advising him of his rights in the event that we were to agree with counsel's assessment of the merits of the appeal. First, counsel failed to advise Evans that he must contact the *trial court* to obtain access to the record for possible preparation of a *pro-se* brief. 10TH TEX.APP. (WACO) LOC. R. 6(b) (published at TEXAS RULES OF COURT (STATE) 363, 364 (West 1996)); *Johnson v. State,* 885 S.W.2d 641, 647 (Tex. App.—Waco 1994) (orders on *Anders* briefs). Second, counsel failed to inform Evans of the deadlines that would be triggered by our ruling on a motion to withdraw. TEX.R.APP. P. 7; *Johnson,* 885 S.W.2d at 647 n. 3.

2. Specifically, the court found that Evans (1) failed to abide by his curfew on December 29, 1995; (2) failed to abide by his curfew on March 16, 1996; (3) failed to attend sex offender group therapy on a weekly basis; (4) failed to obtain suitable employment; (5) moved without advising his probation officer of the his address; (6) failed to obtain permission from his probation officer to change his residence; and (7) resided in a residence with minor children.

3. Violation eight alleged that Evans failed to pay his probation fees and was $200 delinquent.

lous. *Id.* 486 U.S. at 436, 108 S.Ct. at 1901 (emphasis added).

*Johnson,* 885 S.W.2d at 645. We emphasized that "any point which is 'arguable on [the] merits' is, by definition, not frivolous." *Id.* (quoting *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400). The Supreme Court has also observed that the terms "wholly frivolous" and "without merit" require a determination that "the appeal lacks any basis in law or fact." *McCoy,* 486 U.S. at 438 n. 10, 108 S.Ct. at 1902 n. 10. The appeal is frivolous only if "the client's interests would not be served by proceeding with the appeal." *Id.* 486 U.S. at 444, 108 S.Ct. at 1905. We cannot say that the interests of a defendant who is eligible for some relief, no matter how minor, will not be served by proceeding with an appeal. Thus, such an appeal cannot be considered "frivolous." *Id.*

■ We have two duties when we disagree with counsel's conclusion that an appeal is frivolous. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991); *Johnson,* 885 S.W.2d at 648. First, we must grant the attorney's motion to withdraw because he cannot be required to brief and argue an appeal he has determined to be frivolous. *Id.* Second, we must remand the cause to the trial court for appointment of new counsel. *Id.* The new counsel is to brief the issue of the inconsistency between the court's oral pronouncement of judgment and the written judgment on the merits. Additionally, the new attorney may raise any other grounds found that, in the new attorney's opinion, will support the appeal.

Counsel's motion to withdraw is granted. This cause is abated to the trial court for appointment of new counsel. The court's order appointing new counsel shall be filed with this court within fifteen days of this order. New counsel's brief is due within thirty days of appointment.