NO. 12-00-00301-CR


NO. 12-00-00302-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




REGINALD HICKS, §
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 Appellant Reginald Hicks appeals two convictions for the offense of aggravated assault. 
Appellant presents three issues for our consideration. We modify the judgments and, as modified,
affirm. 


Background

 In January of 1995, Appellant pleaded guilty to aggravated assault with a deadly weapon in
two separate causes, but the trial court deferred making a finding of guilt and placed Appellant on
deferred adjudication probation for ten years in each cause. Appellant did not appeal at that time. 
 In August of 2000, the State filed a motion to adjudicate Appellant's guilt and revoke his
probation in each cause. Appellant pleaded true to several of the various allegations in each of the
motions to adjudicate. The trial court "revoked" Appellant's probation and orally pronounced
sentence at confinement for five years, probated for five years, and no fine in each cause. The
written judgments, signed eight days later, sentenced Appellant to five years incarceration, not
probated, and a fine of $5,000.00 in each cause. This appeal followed. (1)

 

Adjudication of Guilt

 In his first issue, Appellant contends that the trial court erred by sentencing him without first
finding that the allegations in the motion to adjudicate were true and adjudicating his guilt. 

 At the conclusion of the hearing, the trial court pronounced:


 The court in [the first cause] revokes the prior sentence of deferred adjudication probation and
sentences the defendant to five years confinement . . . and probates that for five years. . . . In the other
cause...the court revokes the deferred adjudication probation and sentences the defendant to five years
confinement . . . and places him on probation under the identical terms and conditions announced in
the previous case.


 The written judgment in each cause recites that the trial court found that certain of the
allegations in the motions to adjudicate were true. Each judgment goes on to state, "It is therefore
adjudged by the court, that [Appellant] is guilty of the felony offense...."

 The resolution of this issue is controlled by Villela v. State, 564 S.W.2d 750 (Tex. Crim.
App. [Panel Op.] 1978). In that case, the trial court accepted the defendant's guilty plea but did not
orally adjudicate guilt, and the proceedings were recessed for preparation of a pre-sentence
investigation report. At a subsequent hearing, the trial court assessed punishment without orally
adjudicating guilt. However, the written judgment of the trial court did recite an affirmative finding
of guilt. The court of criminal appeals held that the trial court's actions necessarily implied a finding
of guilt and, therefore, supported the written judgment. See Id. at 751. 

 In the cases before us, the trial court's oral pronouncement that he "revoked" Appellant's
deferred adjudication probation in each cause necessarily implies a finding that at least some of the
allegations against Appellant were true and, further, necessarily implies a finding of guilt. Therefore,
Appellant's first issue is overruled.


Conflicting Sentences

 In his second issue, Appellant contends that the trial court erred by entering written
judgments in each cause which conflict with its oral pronouncement of sentence. In his third issue,
Appellant argues that the variation between the oral pronouncement of sentence and its written
memorialization in the two judgments signed eight days later renders the judgments void. We
address these issues together.

 A trial court does not have the statutory authority or discretion to orally pronounce one
sentence in front of the defendant, but enter a different sentence in its written judgment, outside the
defendant's presence. Ex parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). It violates
a defendant's constitutional right to due process to orally pronounce sentence to him and then later,
without notice to the defendant and without giving him an opportunity to be heard, enter a written
judgment imposing a significantly harsher sentence. Id. at 136-37. When such occurs, the judgment
is not "void," but it must be reformed if possible. See Id.

 When there is a variation between the oral pronouncement of sentence and the written
memorialization of the sentence, the oral pronouncement controls. Coffey v. State, 979 S.W.2d 326,
328 (Tex. Crim. App. 1998). The written sentence should be reformed to conform with the record
of the proceedings. See Ex parte Madding, 70 S.W.3d at 137; Banks v. State, 708 S.W.2d 460, 462
(Tex. Crim. App. 1986). 

 An appellate court has the power to modify incorrect judgments when the necessary data and
information are available to do so. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26,
27-28 (Tex. Crim. App. 1993). We have the necessary data before us for reformation. Therefore,
we modify the trial court's judgment in each cause to reflect that Appellant is sentenced to five years
of imprisonment, probated for five years, and no fine. (2) The sentences are to commence on the date
on which they were orally pronounced. Furthermore, as per the trial court's oral pronouncement,
each judgment is modified to require that Appellant perform and render 300 hours of community
service restitution and be supervised under intensive supervision for one year. 

 Appellant's second issue is sustained. Appellant's third issue is overruled. The judgments
of the trial court, as modified, are affirmed.

Opinion delivered May 22, 2002.

Panel consisted of Worthen, J., and Griffith, J.

 






























(DO NOT PUBLISH)









 
1. Appellant's original appellate counsel filed an Anders brief stating that the appeal was wholly frivolous
and without merit. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We conducted
an independent review of the record to satisfy ourselves that the attorney had provided the client with a diligent and
thorough search of the record for any arguable claim and to determine if counsel had correctly concluded the appeal
was frivolous. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978). We determined that
the appeal was not frivolous, struck appellate counsel's Anders brief, granted counsel's motion to withdraw, and
abated the appeal, returning the cause to the trial court for appointment of new counsel to review the record and file a
brief for Appellant. See Evans v. State, 933 S.W.2d 334, 336 (Tex. App.- Waco 1996, no pet.). This second appeal
is before us.
2. We note that there was no affirmative finding of a deadly weapon in either cause. Unless and until the
trial court makes an affirmative finding of a deadly weapon, and enters same in the judgment, a defendant is eligible
for community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.2002); Hooks v.
State, 860 S.W.2d 110, 113-14 (Tex. Crim. App. 1993). Appellant was, therefore, eligible for regular probation, so
the sentences orally pronounced by the trial court were legal, valid sentences. See Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (Vernon Supp.2002).