NO. 07-04-0434-CV


 NO. 07-04-0435-CV

 NO. 07-04-0436-CV

 NO. 07-04-0437-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 8, 2004



______________________________




IN RE ASHLEY GUTIERREZ BY AND THROUGH





HER NEXT FRIEND MICHELLE CORDOVA, RELATOR



IN RE JOSEPH ALARCON GONZALEZ, RELATOR



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION ON PETITIONS FOR WRIT OF MANDAMUS


AND PETITIONS FOR WRIT OF PROHIBITION



 By these original proceedings, Relators Ashley Gutierrez, by and through her next
friend Michelle Cordova, and Joseph Alarcon Gonzalez, natural parents of Ashley
Gutierrez, seek a writ of mandamus denying "the standing of " Jeffrey Donald Gurney and
Alicia Munoz Gurney to pursue "their second cause of action" relating to cause number
54,925-B, District Court, Randall County, Texas. They also request that we issue a writ of
prohibition that the Honorable John Board, Judge of the 181st District Court, and the
Honorable James Anderson, Judge of the County Court at Law of Randall County, not
proceed with hearings in cause numbers 51,715-B and 54,925-B until a ruling on the
petitions for writ of mandamus.

 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy at law by appeal. Walker v,
Packer, 827 S.W.2d 833, 837-38 (Tex. 1992). Moreover, an appeal, not an original
proceeding, is the appropriate method to remedy a trial court's failure to give preclusive
effect to a final judgment and thus appellate courts have no authority to issue writs of
prohibition to protect unappealed judgments. See Holloway v. Fifth Court of Appeals, 767
S.W.2d 680, 683 (Tex. 1989). Accordingly, the petitions for writ of mandamus and writ of
prohibition are denied.

 Per Curiam



rial court has the duty to provide an indigent defendant with
an adequate record on appeal. Newman v. State, 937 S.W.2d 1, 3 (Tex.Cr.App. 1996) (en
banc), citing Abdnor v. State, 712 S.W.2d 136, 139 (Tex.Cr.App. 1986) (en banc).
However, we have found no decision addressing on whom the responsibility falls of
ensuring that an indigent appellant obtains access to the record for review for possible
preparation of a pro se response in an Anders appeal. Our sister courts in San Antonio
and Waco have suggested in footnotes that it is counsel's responsibility to explain to an
appellant the details of the procedure for obtaining access to the record. See Bruns v.
State, 924 S.W.2d 176,180 n.1 (Tex.App.-San Antonio 1996, no pet.); Evans v. State, 933
S.W.2d 334, 335 n.1 (Tex.App.-Waco 1996, no pet.); Johnson v. State, 885 S.W.2d 641,
647 n.2 (Tex.App.--Waco 1994, pet. ref'd).

 The Texas Rules of Appellate Procedure provide that in criminal cases the trial court
clerk and the court reporter must prepare the clerk's record and reporter's record in
duplicate. See Tex. R. App. P. 34.5(g) & 34.6(h). The rules also direct that the trial court
clerk retain a copy of the clerk's record and that the court reporter file a copy of the
reporter's record with the trial court clerk for use by the parties with permission of the trial
court. 

 The decision to grant counsel's motion to withdraw from an Anders appeal may not
be made until after an appellate court makes an independent review of the record to
determine whether meritorious issues exist. Penson, 488 U.S. at 80. An appellate court
should not proceed to address the merits of the appeal until after the pro se response is
received or a reasonable opportunity for filing one has lapsed. Wilson v. State, 955
S.W.2d 693, 696 (Tex.App.-Waco 1997, no pet.). Thus, until an appellate court
determines that an appeal is frivolous and grants counsel's motion to withdraw, counsel
remains the attorney of record and is bound by the Rules of Professional Conduct to act
zealously in his client's behalf and to promptly comply with reasonable requests for
information. See Tex. Disciplinary R. Prof'l Conduct 1.01, comment 6, and 1.03, reprinted
in Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, §
9). Accordingly, we hold that appointed counsel has the responsibility to procure a copy
of the record for appellant to review in preparation of his pro se response to the
Anders brief. Pursuant to Rules 34.5(g) and 34.6(h) of the Texas Rules of Appellate
Procedure, appointed counsel should immediately request permission from the trial court
to obtain the duplicate clerk's and reporter's records filed with the trial court clerk for use
by appellant in preparation of his response. Appellant's pro se motion is overruled.

 It is so ordered.

 Per Curiam 

 

Publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).