Alanda Suzanne **FEWINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–04–00189–CR.

Court of Appeals of Texas, Waco.

April 20, 2005.

Andrew W. Lucas, Glen Rose, for appellant.

B.J. Shepherd, Bosque County Dist. Atty., Meridian, for appellee.

TOM GRAY, Chief Justice, concurring in opinion to order striking brief.

This case again demonstrates the need to revisit the procedure we use in *Anders* cases. For an example of an *Anders* brief which substantially complies with the requirements of *Sowels,* counsel should look to the attachment to the concurring opinion in *Perryman. Perryman v. State,* 159 S.W.3d 778, 2005 Tex.App. LEXIS 2106 (Tex.App.-Waco Mar. 16, 2005, order) (Gray, C.J., concurring). The attachment is a redacted version of a brief previously found to be in compliance with this Court's burdensome requirements in an *Anders* appeal.

Of course, this is only an *example* and any *Anders* brief must be tailored to the facts and circumstances of the individual case. It cannot simply be copied, edited, and filed. But it certainly can provide a rule and guide to the lawyer looking for direction from someone familiar with the procedure in this Court for *Anders* briefs. As the Court has imposed the burden of *Sowels* and its progeny, I feel that it is also the Court's burden to provide some guidance on how to comply with it.

BILL VANCE, Justice, concurring.

*Anders* issues, like most issues we confront on appeal, do not lend themselves to a "one-size-fits-all" categorization. Accordingly, counsel should be cautious about rotely following a form-brief that has not been adopted by or approved by the court.