**Matthew Scott BECKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–04–00245–CR.

Court of Appeals of Texas,
Waco.

April 20, 2005.

Hugh O'Fiel, Beaumont, for appellant.

Tom Maness, Jefferson County Dist. Atty., Beaumont, for appellee.

BILL VANCE, Justice, concurring.

*Anders* issues, like most issues we confront on appeal, do not lend themselves to a "one-size-fits-all" categorization. Accordingly, counsel should be cautious about rotely following a form-brief that has not been adopted by or approved by the court.

TOM GRAY, Chief Justice, concurring.

This case again demonstrates the need to revisit the procedure we use in *Anders* cases. For an example of an *Anders* brief which substantially complies with the requirements of *Sowels,* counsel should look to the attachment to the concurring opinion in *Perryman. Perryman v. State,* 159 S.W.3d 778, 2005 Tex.App. LEXIS 2106 (Tex.App.-Waco Mar. 16, 2005, order)(Gray, C.J., concurring). The attachment is a redacted version of a brief previously found to be in compliance with this Court's burdensome requirements in an *Anders* appeal.

Of course, this is only an *example* and any *Anders* brief must be tailored to the facts and circumstances of the individual case. It cannot simply be copied, edited, and filed. But it certainly can provide a rule and guide to the lawyer looking for direction from someone familiar with the procedure in this Court for *Anders* briefs. As the Court has imposed the burden of *Sowels* and its progeny, I feel that it is also the Court's burden to provide some guidance on how to comply with it.