COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.  2-04-148-CR

2-04-149-CR

2-04-150-CR

 

 

ANTEAUS J. BRAY                                                                              APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                                STATE

 

                                                       ------------

 

             FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I. 
Introduction








On the court=s own motion, we
submitted this case en banc.  The primary
issue that we address in this appeal is whether, in an Anders[1]
appeal, we have the authority to reform the judgment to delete appointed
counsel fees that were set by the trial court as a condition of parole when
appointed counsel did not raise this issue as a point of arguable error.  Because we hold that we do have that
authority, we reform the trial court=s judgment in
cause number 2-04-148-CR to delete the appointed counsel fees imposed as a
condition of parole, affirm that judgment as reformed, and also affirm the
trial court=s judgments in cause numbers 2-04-149-CR
and 2-04-150-CR.

II.  Procedural Background








Pursuant to a plea bargain, Appellant Anteaus J. Bray
pleaded guilty to three cases of aggravated assault with a deadly weapon, and
the trial court placed him on five years= deferred
adjudication community supervision in each case and assessed a $250.00 fine in
one of the cases.  Later, the State filed
a petition to proceed to adjudication in each case, alleging that Bray used
marijuana; failed to make monthly payments on his fine, court costs, and
supervision fee; failed to complete his community service restitution; failed
to submit a urine sample; and failed to attend a budgeting class.  At the contested revocation hearing, Bray
presented his pro se Motion of Declaration of Conflict Between Attorney and
Client.  That motion argued that his
court-appointed attorney Aalways came at [him] with what the State
was offering@ and indicated that he wanted his
court-appointed attorney to work for him to get him rehabilitation.  The trial court explained to Bray that his
appointed counsel had a legal obligation to convey the State=s plea bargain
offers and to consult with the court=s officer.  The trial court called a recess to enable
Bray to further consult with his court-appointed attorney.  Subsequently, Bray entered a plea of true to
the allegations in the State=s petition but
offered mitigating explanations for his actions.  The trial court adjudicated Bray guilty of
aggravated assault with a deadly weapon and sentenced him to five years= confinement in
each case, to run concurrently, assessed reparation of $2,239.00, andCin appellate cause
number 2-04-148-CRCassessed appointed counsel fees of
$1,150.00 to be paid as a condition of parole. 


Bray=s court-appointed appellate counsel has
filed a motion to withdraw as counsel and a brief in support of that
motion.  In the brief, counsel avers
that, in his professional opinion, these appeals are frivolous.  Bray did not file a pro se brief.

III.  Duties of Appellate Court in Anders
Appeals








Once an appellant=s court-appointed
counsel files a motion to withdraw and an Anders brief alleging that the
appeal is frivolous, two distinct duties are imposed on the appellate
court.  See Nichols v. State, 954
S.W.2d 83, 86 (Tex. App.CSan Antonio 1997, no pet.).  First, we must examine appointed counsel=s brief to
determine whether counsel has complied with the requisite procedural
requirements.  Id.  If the brief does not contain references to
the record, citations to authority, and legal analysis, we will order counsel
to rebrief.  Id.  We also examine counsel=s motion to
withdraw for compliance with the procedural requirements of Anders.  If the motion to withdraw is not accompanied
by an exhibit or certification showing that counsel has provided the appellant
with a copy of the Anders brief and has informed the appellant of the
right to review the record and to file a pro se brief, we will order counsel to
take such actions and to supply such an exhibit or certification.  Id.

Second, after determining that Anders=s procedural
requirements have been satisfied, we must undertake an independent examination
of the record and essentially rebrief the case for the appellant to determine
whether we agree with counsel=s conclusion that
the appeal is frivolous.  See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Our independent review for potential error in
a case involving an appeal from an adjudication of guilt is limited to
potential jurisdictional defects, potential errors not involving the decision
to adjudicate, and potential errors occurring after adjudication.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon
Supp. 2004-05); Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App.
2001); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

 








A.      Compliance with Procedural Requirements
for Brief

A review of appointed appellate counsel=s brief
demonstrates that it contains adequate references to the record, citations to
authority, and legal analysis.  The
motion to withdraw is accompanied by an exhibit showing that counsel provided
Bray with a copy of the Anders brief and informed Bray of his right to
review the record and to file a pro se brief. 
Therefore, the brief and motion comply with the procedural requirements
for an Anders appeal.

B.      Independent Examination of the Record

1.       Potential Jurisdictional Defects

We have reviewed the record, and there are no
jurisdictional errors; the trial court had subject matter jurisdiction over
these causes.  See Tex. Code Crim. Proc. Ann. arts. 4.05
(Vernon 2005), 42.12, ' 5(b) (Vernon Supp. 2004-05).  Further, the indictments were not defective;
they sufficiently conferred jurisdiction on the trial court and gave Bray
sufficient notice.  See Tex. Const. art. V, ' 12(b); Tex. Penal Code Ann. '' 22.01(a)(2), 22.02(a)(2)
(Vernon Supp. 2004-05); Duron v. State, 956 S.W.2d 547, 550-51 (Tex.
Crim. App. 1997).

2.       Potential Errors Not Involving the
Decision to Adjudicate








The trial court did not err by not granting Bray=s motion
concerning a conflict with counsel or by not appointing another attorney for
trial.  Bray did not obtain a ruling on
the motion to preserve any error, the trial court called a recess so that Bray
could fully discuss matters with his counsel, and Bray subsequently signed
written plea admonishments stating that he was satisfied with his
representation by appointed counsel.  See
Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002) (stating that
Texas Rule of Appellate Procedure 33.1 requires, as a prerequisite to
presenting a complaint for appellate review, that a timely, request, objection,
or motion be made and ruled upon by trial court).

3.       Potential Errors Occurring After
Adjudication

Additionally, the trial court gave Bray the opportunity to
offer mitigating evidence, and he did so during the punishment phase of the
hearing.  See Hardeman v. State, 1
S.W.3d 689, 690-91 (Tex. Crim. App. 1999). 
It is clear from the reporter=s record that the
trial court considered the mitigating evidence before imposing the five-year
sentences.  The sentences assessed by the
trial court following the punishment hearing are within the statutorily permissible
range.  See Tex. Penal Code Ann. ' 12.34(a) (Vernon
2003).  Thus, counsel
has correctly determined that the appeals in cause numbers 2-04-149-CR and
2-04-150-CR are wholly frivolous.

In cause number 2-04-148-CR, however, the trial court
assessed reparation of $2,239.00 and included the following language in the
judgment: 








APPOINTED COUNSEL FEES IN THE
AMOUNT OF $1,150.00 TO BE PAID AS A CONDITION OF PAROLE

 

IT IS FURTHER ORDERED THAT
APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE CRIM. PROC., ANN., ARTICLE.
26.05 BE SET AT $1,150.00 AND MADE PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT
CLERK=S OFFICE OF TARRANT COUNTY, TEXAS

 

A
Texas trial court is without authority to place any condition on a convicted
defendant=s parole, including a condition that the
defendant pay appointed counsel fees.  Belt
v. State, 127 S.W.3d 277, 280 (Tex. App.CFort Worth 2004,
no pet.); McNeill v. State, 991 S.W.2d 300, 302 (Tex. App.CHouston [1st
Dist.] 1999, pet. ref=d, untimely filed) (trial court may only
make recommendation of condition of parole); see also Campbell v. State,
5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999) (stating that trial court may fix
amount of restitution that is just, and parole panel may use this amount in
ordering restitution as a condition of parole); Slaughter v. State, Nos.
2-04-050-CR, 2-04-051-CR, 2005 WL 183142, at *2-3 (Tex. App.CFort Worth Jan.
27, 2005, no pet.) (not designated for publication).  Therefore, the trial court erred by including
this condition of parole in the judgment in cause number 2-04-148-CR.








When a trial court errs by purporting to impose a condition
of parole in its judgment, the proper remedy is to reform the judgment to
delete the invalid condition.  See
Belt, 127 S.W.3d at 280.  But,
reformation of the judgment constitutes the granting of some relief to the
defendant.  Evans v. State, 933
S.W.2d 334, 335 (Tex. App.CWaco 1996, no
pet.).  When a defendant is eligible for
some relief, an appeal typically cannot be considered Afrivolous.@  Id. (relying on McCoy v. Court of
Appeals of Wis., Dist. 1, 486 U.S. 429, 444, 108 S. Ct. 1895, 1905 (1988)).

In an Anders appeal, when our examination of the
record reveals that nonfrivolous grounds for appeal exist, we must nonetheless
grant counsel=s motion to withdraw because we cannot
order counsel to brief and argue an appeal that counsel considers
frivolous.  See Nichols, 954
S.W.2d at 86 (citing Stafford, 813 S.W.2d at 511).  In that situation, we normally abate the
appeal and remand the cause to the trial court with instructions to appoint a
new attorney for the appellant; the new attorney is then required to file a
brief raising the nonfrivolous grounds that we have identified, as well as any
additional grounds that the attorney discovers. 
Id.








Here, however, we decline to abate the appeal and remand
the cause to the trial court for the appointment of new counsel.  We instead exercise our authority to simply
order the judgment in cause number 2-04-148-CR modified.  Cf.
Gaffney v. State, No. 2-03-00042-CR, 2005 WL 793741, at *1 (Tex. App.CFort
Worth Apr. 7, 2005, no pet.) (not designated for publication) (abating Anders
appeal for appointment of new counsel so that new counsel could raise
illegality of judgment=s condition requiring payment of
appointed counsel fees as a condition of parole).  The arguable ground for appeal which we have
locatedCthe illegality
of the condition in the judgment in cause 02-04-148-CRCpresents
an issue of law that this court has already addressed on multiple occasions, so
we have
binding precedent to guide us.  See
Belt, 127 S.W.3d at 280; Gaffney, 2005 WL
793741, at *1; see also Slaughter, 2005 WL 183142, at *2-3 (reforming
judgment to delete reimbursement of appointed counsel=s fees imposed as
condition of parole in non-Anders appeal); Green v. State, Nos.
2-03-377-CR, 2-03-397-CR, 2005 WL 78326, at *3-4 (Tex. App.CFort Worth Jan.
13, 2005, no pet.) (not designated for publication) (same).  Abatement of cause number 2-04-148-CR would
require the trial court to do a useless taskCappoint counsel to
raise an issue of law that we have previously ruled onCthus we decline to
abate that appeal.  See Homan v.
Hughes, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (stating that the law does
not compel us to require courts to perform useless tasks).








We have throughly reviewed the limited records before us
and have considered all potential error in light of the limited review
available from a proceeding to adjudicate a defendant=s guilt and revoke
his community supervision; our independent review of the records did not reveal
any other arguable grounds of error.

C.      Grant Motion to Withdraw and Reform
Judgment

We grant appellate counsel=s motion to
withdraw.  Additionally, because we hold
that we possess authority to reform the judgment in cause number 2-04-148-CR,
we reform that judgment to delete the language regarding the payment of
appointed counsel fees as a condition of parole.  See Tex.
R. App. P. 43.2(f); Burnett v. State, No. 06-00-00147-CR, 2001 WL
82520, at *2 (Tex. App.CTexarkana Feb. 1, 2001, no pet.) (not
designated for publication) (reforming judgment to delete condition of parole
in Anders appeal in which appointed counsel did not raise issue as point
of arguable error); Conley v. State, No. 01-89-01119-CR, 1991 WL 413, at
*1 (Tex. App.CHouston [1st Dist.] Jan. 3, 1991, no pet.)
(not designated for publication) (reforming judgment to delete payment of
attorney=s fees that were
condition of parole in Anders appeal in which pro se raised issue as
point of arguable error).  But see
Evans, 933 S.W.2d at 335 (holding that in an Anders appeal, the need
to reform the judgment constitutes an arguable ground for appeal, requiring
abatement for appointment of new counsel on appeal).

 

 








                                                IV.  Conclusion

Having granted appellate counsel=s motion to
withdraw and reformed the judgment to delete the language regarding the payment
of appointed counsel fees in cause number 2-04-148-CR, we affirm the trial
court=s judgments in
cause numbers 2-04-149-CR and 2-04-150-CR and affirm the trial court=s judgment in
cause number 2-04-148-CR as reformed.

 

 

SUE
WALKER

JUSTICE

 

EN BANC

 

PUBLISH

 

DELIVERED: November 10,
2005











[1]Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967).