# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-13-00478-CV

---

**R. J. O., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-12-0024-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

In February 2012, the Department removed from mother N.M.S. her six sons, including two-year-old R.J. and almost-three-month-old S.M., the children of father R.J.O. At the time the children were removed, N.M.S. and R.J.O. were no longer living together. The Department alleged that R.J.O. had choked N.M.S. and held her face to the ground to the point that at least one of the older children thought she was going to die. The Department also alleged that R.J.O. had spanked and slapped some of the children. During its investigation, N.M.S. told caseworkers that R.J.O. had pointed a gun at her and threatened her life and that he had slammed her head against a wall. About eighteen months after the children were removed, the trial court held a hearing and determined that both parents' rights to the children should be terminated. The trial court signed a final decree terminating N.M.S.'s and R.J.O.'s parental rights. In that decree, the trial court ruled that four statutory grounds supported termination of R.J.O.'s rights, finding that R.J.O. had:

(1) placed or allowed the children to remain in conditions or surroundings that endangered their well-being; (2) engaged in conduct or placed the children with someone who engaged in conduct that endangered the children's well-being; (3) constructively abandoned the children in the Department's care for more than six months; and (4) failed to comply with a court order establishing actions necessary to regain custody. *See* Tex. Fam. Code § 161.001(1)(D), (E), (N), (O).

On appeal, R.J.O.'s attorney has filed a brief demonstrating that the evidence is insufficient to support the trial court's finding that R.J.O.'s rights should be terminated under section 161.001(1)(O) because the children were in N.M.S.'s custody when they were removed, R.J.O. was not living in the house with the children, and they were not removed from R.J.O.'s care.[1] *See id*. § 161.001(1)(O) (termination proper if parent "fail[s] to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of the child's removal *from the parent* under Chapter 262 for the abuse or neglect of the child" (emphasis added)); *In re D.M.F.*, 283 S.W.3d 124, 134 (Tex. App.—Fort Worth 2009, pet. granted, judgm't vacated w.r.m.) (evidence was insufficient to support termination under section 161.001(1)(O) because father never had custody, child was removed from mother on day of birth, and removal "had nothing to do with claims of abuse or neglect by" father). However, because sufficient evidence supports the other three statutory grounds for termination, that error is not reversible. *See In re W.J.H.*, 111 S.W.3d 707, 715 (Tex. App.—Fort Worth 2003, pet. denied) ("If multiple conduct grounds are alleged for termination, the evidence is factually sufficient

---

[1] The Department has not filed a brief disputing this characterization of the evidence.

if it factually supports just one of the alleged conduct grounds."). Thus, counsel has concluded that, after reviewing the record, she believes that the appeal is frivolous.[2] Counsel has presented a professional evaluation of the record and explained why she believes there are no arguable grounds for reversal. Furthermore, counsel has provided R.J.O. a copy of the brief and informed him of his right to file a pro se brief. R.J.O. has not filed a brief with this Court.

We have conducted our own review of the record and we agree that the appeal is frivolous. We also agree that the evidence does not support termination under section 161.001(1)(O). We therefore reform the trial court's final decree to remove that statutory ground for termination.[3] *See Smith v. State*, No. 02-11-00295-CR, 2012 Tex. App. LEXIS 4497, at *4-6 (Tex. App.—Fort Worth June 7, 2012, no pet.) (mem. op., not designated for publication) (court of appeals reformed

---

[2] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See, e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 n.1 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

[3] Although it is unusual, appellate courts have held that in *Anders* cases in which there is non-reversible error, they have the authority to reform the judgments and affirm as reformed. *See Bray v. State*, 179 S.W.3d 725, 729-30 (Tex. App.—Fort Worth 2005, no pet.) (no need to remand for useless task); *see also Getts v. State*, 155 S.W.3d 153, 154 (Tex. Crim. App. 2005) (in court of appeals, counsel filed *Anders* brief and appellant filed pro se brief; court of criminal appeals noted without expressing disapproval that court of appeals agreed with pro se point, reformed judgment to reflect misdemeanor conviction instead of felony, and remanded for sentencing); *Thomas v. State*, No. 13-12-00283-CR, 2012 Tex. App. LEXIS 10550, at *4-5 (Tex. App.—Corpus Christi Dec. 20, 2012, no pet.) (mem. op., not designated for publication) (on *Anders* review, court reformed judgment to remove fine not pronounced at sentencing and affirmed judgment as reformed); *Russell v. State*, No. 03-00-00232-CR, 2000 Tex. App. LEXIS 8134 at *1-2 (Tex. App.—Austin Dec. 7, 2000, no pet.) (not designated for publication) (same). *But see Evans v. State*, 933 S.W.2d 334, 335 (Tex. App.—Waco 1996, no pet.) (in *Anders* appeal, need to reform judgment constitutes arguable ground for appeal that requires abatement for appointment of new appellate counsel).

judgment in following ways:   removed fine because trial court did not include fine in oral pronouncement of sentence; removed $25 of costs because no evidence supported it; and recited that defendant pled guilty to and trial court found true three grounds for revocation of probation, rather than four); *Gibson v. State*, No. 01-06-00437-CR, 2007 Tex. App. LEXIS 4052, at *2-3 (Tex. App.—Houston [1st Dist.] May 24, 2007, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect three-year sentence imposed orally instead of two-year sentence); *Fernandez v. State*, No. 03-96-00340-CR, 1996 Tex. App. LEXIS 4086, at *1-2 (Tex. App.—Austin Sept. 11, 1996, no pet.) (not designated for publication) (judgment erroneously stated defendant was convicted of second-degree felony instead of third-degree felony; court of appeals reformed judgment to reflect correct offense).

We affirm the trial court's final decree, as reformed, and grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Reformed and, as Reformed, Affirmed

Filed:   November 13, 2013

4