

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00291-CR

**JOSEPH ROBERT MCELWAIN, JR.,**

                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                **Appellee**

---

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. F46929**

---

## DISSENTING OPINION

---

In the instant case, the majority has concluded that there is an arguable ground for appeal regarding the trial court's assessment of appellant's court-appointed attorney's fees. Relying on this Court's decision in *Evans v. State*, the majority believes that we should abate and remand the matter to the trial court for the appointment of new counsel to address the attorney's fees issue. *See* 933 S.W.2d 334, 335-36 (Tex. App.—Waco 1996, order) (per curiam). Because I believe that such a course of action is

a waste of judicial resources, and because I question the rationale in the *Evans* decision, I respectfully dissent.

## I.   THE TRIAL COURT'S ASSESSMENT OF APPELLANT'S COURT-APPOINTED ATTORNEY'S FEES

At the outset, I recognize that the majority is correct in questioning the trial court's assessment of appellant's court-appointed attorney's fees when the record clearly demonstrates that appellant is indigent.  For purposes of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *see also Mayer v. State*, No. 10-10-00302-CR, 2011 Tex. App. LEXIS 1369, at *5 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd).  Furthermore, the record must reflect some factual basis to support the determination that appellant was capable of paying all or some of his attorney's fees at the time of the judgment.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see also Stevenson v. State*, No. 10-09-00358-CR, 2011 Tex. App. LEXIS 8302, at *3 (Tex. App.—Waco Oct. 19, 2011, no pet.) (mem. op., not designated for publication).

Here, the trial court appointed appellate counsel after appellant testified at the arraignment that he does not have any property or money to hire an attorney.[1]  The

---

[1] Appellant filed a pro se affidavit of indigence on July 31, 2013, two weeks after the trial court signed the judgment of conviction in this case.  In his affidavit, appellant requested that the trial court appoint him counsel to handle his appeal.  The trial court found that appellant was indigent and appointed appellate counsel to handle appellant's appeal.

record does not indicate a material change in appellant's financial situation. However, in its judgment, the trial court assessed $1,796 in court costs, which, as reflected in the bill of costs, included a $1,500 reimbursement of appellant's court-appointed attorney's fees. Because the record reflects that appellant has been indigent through the duration of this case, there is insufficient evidence in the record to support the assessment of appellant's court-appointed attorney's fees. *See Mayer*, 309 S.W.3d at 557; *see also Willis v. State*, No. 10-09-00420-CR, 2010 Tex. App. LEXIS 8255, at *2 (Tex. App.—Waco Oct. 13, 2010, no pet.) (mem. op., not designated for publication) ("If the State fails to present evidence that the defendant is able to pay all or part of his court-appointed attorney's fees, then the trial court commits error by assessing any part of those fees as costs of court."). In such cases, the proper remedy is to reform the judgment by deleting the attorney's fees.[2] *See Mayer*, 309 S.W.3d at 557; *see also Moten v. State*, No. 10-12-00027-CR, 2012 Tex. App. LEXIS 9541, at *22 (Tex. App.—Waco Nov. 15, 2012, pet. ref'd). But, to complicate matters further, appellant's appellate counsel has filed a motion to withdraw and an accompanying *Anders* brief, arguing that this is a frivolous appeal—a contention from which the majority disagrees. Nevertheless, the crux of my disagreement with the majority centers on whether we can reform a judgment and affirm the judgment as modified in *Anders* cases.

---

[2] In addition, it is worth noting that, unlike *Wiley v. State*, this case does not involve a deferred-adjudication order. *See* 410 S.W.3d 313 (Tex. Crim. App. Sept. 25, 2013) (concluding that a defendant procedurally defaults on his claim that the record does not support the trial court's assessment of court-appointed attorney's fees during the initial guilty-plea proceedings when he fails to bring a direct appeal from the initial judgment); *see also Richards v. State*, No. 10-12-00252-CR, 2013 Tex. App. LEXIS 14302, at **1-9 (Tex. App.—Waco Nov. 21, 2013, no pet.) (mem. op., not designated for publication).

## II. THE *EVANS* OPINION

In *Evans*, a 1996 opinion, this Court held that an appeal is not frivolous if a defendant is entitled to any relief from an appellate court, which includes reformation of a judgment. However, as I noted in *Ferguson v. State*, No. 10-13-00173-CR, __ S.W.3d __, 2014 Tex. App. LEXIS ____ (Tex. App.—Waco March 6, 2014), numerous Texas courts have held to the contrary: that appellate courts have the authority to reform judgments and affirm as modified in cases where there is non-reversible error. *See Bray v. State*, 179 S.W.3d 725, 729-30 (Tex. App.—Fort Worth 2005, no pet.) (reforming the trial court's judgment in an *Anders* case because abatement "would require the trial court to do a useless task—appoint counsel to raise an issue of law that we have previously ruled on . . ." and affirming the judgment as modified); *Getts v. State*, 155 S.W.3d 153, 154 (Tex. Crim. App. 2005) (affirming a court of appeals' reformation of the trial court's judgment in an *Anders* case); *see also R.J.O. v. Tex. Dep't of Family & Protective Servs.*, No. 03-13-00478-CV, 2013 Tex. App. LEXIS 13874, at **4-5 & n.3 (Tex. App.—Austin Nov. 13, 2013, no pet.) (mem. op.) (reforming the trial court's final decree to remove a statutory ground for termination and affirming the judgment as modified in an *Anders* case); *Sheddan v. State*, No. 12-12-00391-CR, 2013 Tex. App. LEXIS 8197, at **3-5 (Tex. App.—Tyler July 3, 2013, no pet.) (mem. op., not designated for publication) (reforming the trial court's judgment to reflect that appellant pleaded "true" to an enhancement paragraph and the trial court found the enhancement paragraph to be "true" and affirming the judgment as modified in an *Anders* case); *Thomas v. State*, No. 13-12-00283-CR, 2012 Tex. App. LEXIS 10550, at **4-5 (Tex. App.—Corpus Christi Dec.

20, 2012, no pet.) (mem. op., not designated for publication) (deleting a $500 fine from appellant's administrative fees and affirming the judgment as modified in an *Anders* case); *McBreen v. State*, Nos. 05-03-01424-CR, 05-03-01425-CR, 2005 Tex. App. LEXIS 9524, at **10-11 (Tex. App.—Dallas Nov. 14, 2005, no pet.) (mem. op., not designated for publication) (modifying the trial court's written judgment to reflect the sentence orally pronounced and affirming the judgment as modified in an *Anders* case); *Burnett v. State*, No. 06-00-00147-CR, 2001 Tex. App. LEXIS 714, at **4-5 (Tex. App.—Texarkana Feb. 1, 2001, no pet.) (mem. op., not designated for publication) (reforming the trial court's judgment to delete a condition of parole and affirming the judgment as modified in an *Anders* case); *Adams v. State*, No. 14-97-00553-CR, 1999 Tex. App. LEXIS 1872, at **4-5 (Tex. App.—Houston [14th Dist.] Mar. 18, 1999, no pet.) (mem. op., not designated for publication) (reforming the judgment to reflect that appellant was convicted of a third-degree felony, rather than a second-degree felony, noting that this error "does not entitle appellant to reversal of his conviction," and affirming the judgment as modified in an *Anders* case).

I have not found any cases following the rationale articulated in *Evans*. Moreover, the Texas Court of Criminal Appeals has stated that "the law does not compel us to require courts to perform useless tasks." *Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986). And after conducting a full examination of all the proceedings, *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988), it is clear that all of the court-appointed attorney's fees imposed against appellant should be deleted from the judgment. *See Mayer*, 309 S.W.3d at 557; *see also*

*Moten*, 2012 Tex. App. LEXIS 9541, at *22.  Accordingly, I do not believe that abatement is necessary because it would amount to ordering the trial court to do a useless task that this Court is already authorized to do:  reform the judgment to delete the court-appointed attorney's fees and affirm the judgment as modified.  *See Mayer*, 309 S.W.3d at 557; *Homan*, 708 S.W.2d at 454; *Bray*, 179 S.W.3d at 729-30; *see also Moten*, 2012 Tex. App. LEXIS 9541, at *22.  Therefore, in the interest of judicial economy, I would simply reform the trial court's judgment to eliminate the court-appointed attorney's fees and affirm the judgment as modified.  *See* TEX. R. APP. P. 43.2(b); *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) (observing that "when a defendant appeals his conviction, the courts of appeals have the jurisdiction to address any error in that case"); *Martin*, 335 S.W.3d at 873; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source); *see also Romero v. State*, No. 13-13-00270-CR, 2013 Tex. App. LEXIS 15198, at *5 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet. h.) (mem. op., not designated for publication) ("Appellate courts may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so, even in cases where appellant's counsel files an *Anders* brief.").  And to the extent that *Evans* requires abatement in circumstances such as this, I would overrule the case.  *See* 933 S.W.2d at 344.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dissenting opinion delivered and filed March 6, 2014
Publish