

IN THE
TENTH COURT OF APPEALS

No. 10-13-00173-CR

DARRELL FERGUSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. D34418-CR

CONCURRING OPINION

Today, we return to a well-worn path; the minimum procedure required for compliance with the constitutional mandate of the assistance of counsel, sometimes referred to as an *Anders* procedure. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1976). I have long contended that the precedent of this Court required more procedure than was necessary. *Beckett v. State*, 166 S.W.3d 752 (Tex. App.—Waco 2005, order) (Gray, C.J., concurring); *Fewins v. State*, 166 S.W.3d 751 (Tex. App.—Waco 2005, order) (Gray, C.J., concurring); *Perryman v. State*, 159 S.W.3d 778 (Tex. App.—

Waco 2005, order) (Gray, C.J., concurring); *Martinez v. State*, 137 S.W.3d 832, 833-834 (Tex. App.—Waco 2004, order) (Gray, C.J., concurring); *Martinez v. State*, 135 S.W.3d 233 (Tex. App.—Waco 2004) (C.J. Gray dissent to withdrawn order); *In the Interest of E.L.Y.*, 69 S.W.3d 838, 843 (Tex. App.—Waco 2002, order) (Gray, J., dissenting); *Guerrero v. State*, 64 S.W.3d 436, 444 (Tex. App.—Waco 2001, order) (Gray, J., dissenting). *See also Garner v. State*, No. 10-05-00218-CR, 2007 Tex. App. LEXIS 4246, *17-20 (Tex. App.—Waco May 30, 2007, pet. ref'd) (not designated for publication) (Gray, C.J., dissenting); *Villanueva v. State*, 209 S.W.3d 239, 249-252 (Tex. App.—Waco 2006, no pet.) (Gray, C.J., concurring). We now, for the first time, step back from the most stringent of our own cases interpreting those requirements. *Evans v. State*, 933 S.W.2d 334 (Tex. App.—Waco 1996, order).

In *Evans* we held that if a defendant is entitled to have the judgment reformed in any manner, he is entitled to some "relief" from this Court, and such relief is sufficient to establish that an arguable point may be raised on appeal. *Id*. at 335-336. As evidenced by the Court's discussion of *Evans*, a number of courts in this State have either expressly or by implication decided *Evans* overstates the situations in which an appellate court must abate an appeal for the appointment of new counsel. Most of the cases cited deal with a modification of the judgment and an affirmance as modified. In at least one of the cases cited, the modification was to remove an assessment of attorney's fees for a court appointed attorney when there is no evidence of a criminal defendant's ability to

pay at the time the judgment is rendered or signed, even though that issue was not identified by appointed counsel that had filed a motion to withdraw and an *Anders* brief. In that kind of case, the judgment is clearly more favorable to the defendant since the judgment is modified to remove the assessment of attorney's fees against the defendant. However, in that fact pattern, this Court has previously, consistent with *Evans*, required that the proceeding be abated and new counsel appointed. *Tolbert v. State*, No. 10-12-00223-CR, 2013 Tex. App. LEXIS 500 (Tex. App.—Waco Jan. 17, 2013, order) (not designated for publication); *Pivonka v. State*, No. 10-12-00176-CR, 2013 Tex. App. LEXIS 496 (Tex. App.—Waco Jan. 17, 2013, order) (not designated for publication); *Steele v. State*, No. 10-10-00424-CR, 2011 Tex. App. LEXIS 5979 (Tex. App.—Waco July 27, 2011, order) (not designated for publication); *Parker v. State*, No. 10-10-00381-CR, 2011 Tex. App. LEXIS 5978 (Tex. App.—Waco July 27, 2011, order) (not designated for publication). Today, by an abatement order, a majority of the Court adheres to that precedent. *McElwain v. State*, No. 10-13-00291-CR, 2014 Tex. App. LEXIS ____, (Tex. App.—Waco March 6, 2014, order) (publish).

That is a fact pattern upon which there is clearly a split of authority among the courts of appeals which should possibly be resolved by the Court of Criminal Appeals. But it is not an issue that is easily framed and presented to the Court of Criminal Appeals because, by the time the appeal has been abated and new counsel appointed and the case then reviewed on its merits, the issue is moot. *See id*. (abatement order

requiring the appointment of new counsel to brief the attorney's fees issue on its merits). Likewise, in those appeals in courts that modify the judgment to eliminate the assessment of cost, the State has frequently conceded error and the judgment is modified to the defendant's advantage and therefore there is no party that wants to appeal that issue, and there is no other issue to appeal. That aspect of this appeal, that it is not easily framed for review, may be the same.

This brings me to where the modification of the judgment in this appeal in which a motion to withdraw and an *Anders* brief were filed is different from most cases in which a modification of the judgment in an *Anders* appeal has occurred. In this appeal, the attorney actually briefed the issue and suggested the modification of the judgment was necessary for the judgment to properly reflect the crime for which the defendant was convicted. Based on this, I do not belief this is a true *Anders* appeal. How could it be? The attorney identified a defect in the judgment that is recognized by appellate counsel and the court as erroneous and the judgment is being modified to correct the error.

Under this fact pattern, I would treat the brief for what it is, a brief on the merits, and agree the modification is necessary to correct the judgment. Thus, I concur in the Court's judgment to affirm the trial court's judgment as modified.

But, nevertheless, there is the divergence of authority, referenced in both the Court's opinion and this concurring opinion regarding the extent to which, if any, a reviewing court can otherwise modify a trial court's judgment in an *Anders* appeal.[1]

Whether we stay on the path this Court set out in *Evans* and continuing through today in *McElwain* or whether it should have a slight course correction is a question for this Court to decide subject to review and correction by the Court of Criminal Appeals. But whether there is another path; an entirely different path, which is more direct and less costly lies with the Court of Criminal Appeals.[2]

With these comments, I concur in the Court's judgment.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed March 6, 2014
Justice Davis joins this concurring opinion
Publish

---

[1] I refer to these as *Anders* appeals only because that is the style case in this area of the law. The holding in *Anders* has been so undermined in subsequent decisions that at least one Supreme Court justice has said that it has been effectively overruled. *Smith v. Robbins*, 528 U.S. 259, 289; 120 S. Ct. 746; 145 L. Ed. 2d 756 (2000) (Stevens, J., dissenting). And if I were writing on a blank slate, I would be inclined to take a hard look at California's procedure, which has passed U.S. Supreme Court review, in which attorneys may file what is called a *Wende* brief. *See id.* at 276; *People v. Wende*, 600 P.2d 1071, 1074-1075, (1979). It seems to overcome much of the potential delay and cost which occurs when the reviewing court identifies an issue and remands the proceeding for full briefing of the identified issue. *See Smith*, 528 U.S. at 265-266.

[2] It is conceivable that the legislature could also become involved in developing a replacement procedure for *Anders* appeals.