**Eric Dwayne MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–95–184 CR.

Court of Appeals of Texas, Beaumont.

Feb. 14, 1996.

Marilyn Adams, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Beaumont, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Eric Dwayne Moore was charged with unlawfully carrying a weapon. He appeared and entered a pro se plea of no contest. The court found Moore guilty and assessed punishment at fourteen days in the Jefferson County Jail and a fine of $400. Moore retained an attorney and filed a motion for new trial. The court overruled the motion. Moore brings four points of error.

Three points allege error in the plea proceeding and the other alleges error in failing to grant a new trial. The first point claims error in not appointing counsel for Moore in violation of TEX.CODE CRIM.PROC.ANN. art. 1.13(c) (Vernon 1979). The second claims error in failing to comply with the jury waiv-

er provisions of article 1.13. The fourth claims error in conducting a bench trial when the state did not consent in writing to the waiver of a jury trial. The third alleges error in failing to grant a new trial based upon the allegations of error in points of error one and two.

█  The State urges Moore has waived all the non-jurisdictional defects occurring prior to the plea under the *Helms* rule reiterated in *Jack v. State,* 871 S.W.2d 741 (Tex.Crim. App.1994). However, in *Jack,* the court stated: "In any event, we have never extended the *Helms* rule to cover asserted error occurring at or after entry of a nonnegotiated plea." 871 S.W.2d at 744. Therefore, we will review Moore's complaints.

█  Under the first two points of error Moore urges article 1.13(c) mandates a defendant must have an attorney before a jury can be waived and, in this instance, since he had no attorney, the court was required to appoint an attorney for that purpose. Moore signed an instrument waiving both trial by jury and the right to be represented by an attorney. That document complied with TEX. CODE CRIM.PROC.ANN. art. 1.051(g) (Vernon 1986). The right to counsel may be waived. TEX.CODE CRIM.PROC.ANN. art. 1.051(f), art. 1.14(a) (Vernon 1986); *Robles v. State,* 577 S.W.2d 699 (Tex.Crim.App.1979). Furthermore, there is a constitutional right to self-representation. *See Burgess v. State,* 816 S.W.2d 424 (Tex.Crim.App.1991). We decline to adopt Moore's contention that article 1.13(c) dictates counsel cannot be waived. Points of error one and two are overruled.

█  The failure of the state to consent, in writing, to the waiver of a jury does not constitute error *to a defendant or from which a defendant can complain. Shaffer v. State,* 769 S.W.2d 943, 944 (Tex.Crim.App. 1989); *compare State ex rel. Curry v. Carr,* 847 S.W.2d 561 (Tex.Crim.App.1992). Point of error four is overruled.

Having found no error under the previous points, the trial court did not err in failing to grant a new trial based upon those allega-

tions. Point of error three is overruled. The judgment is affirmed.

AFFIRMED.

