John Richard REDFEARN, Appellant.

v.

The STATE of Texas, State.

No. 2–99–352–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 17, 2000.

Joseph F. Zellmer, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Pamela Moore Lakatos, Paige McCormick, David Holmes, Asst. Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for Appellee.

PANEL F: LIVINGSTON,
DAUPHINOT, and RICHARDS, JJ.

**OPINION**

TERRIE LIVINGSTON, Justice.

Appellant John Richard Redfearn appeals his conviction for felony driving while intoxicated. We affirm.

Appellant was indicted for felony driving while intoxicated based on two prior misdemeanor driving while intoxicated convictions. *See* TEX. PENAL CODE ANN. § 49.09 (Vernon Supp.2000). Before trial, appellant filed a motion to quash the enhancement paragraphs in the indictment because he had not been appointed an attorney before he agreed to plead guilty to those offenses. At the hearing, appellant stated that in both prior misdemeanor cases he had pleaded guilty pursuant to a plea-bargain agreement and had waived his rights to an attorney and to a jury trial without benefit of counsel. The trial court denied appellant's motion.

In a sole point on appeal, appellant argues that the trial court erred in denying his motion. He bases his argument on article 1.13(c), which requires an attorney to be appointed before waiving the right to a jury. TEX.CODE CRIM. PROC. ANN. art. 1.13(c) (Vernon Supp.2000). However, article 1.13(c) expressly applies only to felony offenses, and appellant's prior convictions were misdemeanors. *Id.* Further, appellant expressly waived his right to counsel in his prior misdemeanor convictions. *See id.* arts. 1.051(f), 1.14(a) (Vernon Supp.2000), art. 27.14(a) (Vernon 1989); *Moore v. State*, 916 S.W.2d 696, 697 (Tex.App.—Beaumont 1996, no pet.). Accordingly, the trial court did not err in refusing to quash the enhancement paragraphs in the indictment.

We overrule appellant's point and affirm the trial court's judgment.