NO. 07-09-00314-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 11, 2010

_____

JAMMIE LEE MOORE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,934-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jammie Lee Moore, was convicted of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams.[1] The indictment contains allegations of two prior convictions for punishment enhancement purposes.[2] A jury convicted Appellant of the offense charged and, based upon his plea of true to the enhancement allegations, assessed punishment at confinement for a period of 50 years. Appellant's counsel has filed an *Anders* brief and

_____

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d)(Vernon 2007).

[2] *See* Tex. Penal Code Ann. § 12.42(d) (Vernon 2007).

a motion to withdraw. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons expressed herein, we abate and remand this cause to the trial court for appointment of new counsel.

In support of his motion to withdraw, Appellant's counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no error upon which an appeal can be predicated. *Id.* at 744-45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided Appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised Appellant of his right to file a *pro se* response in this matter. *See Stafford v. State,* 815 S.W.2d 503, 510 (Tex.Crim.App. 1991). Appellant has filed a response and the State has responded to that pleading.

When faced with an *Anders* brief, an appellate court has a duty to conduct a full examination of the proceeding, and if its independent inquiry reveals a non-frivolous or arguable ground for appeal, it must abate the proceeding and remand the case to the trial court so that new counsel can be appointed to brief the issues. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

In this case the Clerk's Record reflects a judgment signed September 14, 2010. The summary portion of the judgment reflects "Court Costs: see attached" and the following page contained in the record is a certified bill of costs, also dated September 14, 2010, containing a reference to attorney's fees for Appellant's court-appointed

attorney totaling $3,300.00. The judgment further orders Appellant to pay all court costs "as indicated above." A review of the Reporter's Record does not reveal any evidence pertaining to Appellant's ability to reimburse attorney's fees.

A judgment ordering the reimbursement of court-appointed attorney's fees without sufficient evidence of a defendant's ability to pay can constitute error cognizable on appeal. *See Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010).

Based upon this record we find at least three arguable grounds for appeal exist:

(1)   Does an order for the reimbursement of *attorney's fees* have to be included in the oral pronouncement of sentence as a precondition to its inclusion in the trial court's written judgment? *See Weir v. State,* 278 S.W.3d 364, 366 (Tex.Crim.App. 2009).

(2)   Does attaching a copy of the Clerk's certified bill of costs to a judgment with the notation "Court Costs: see attached," while ordering the payment of court costs "as indicated above" constitute an order to pay the costs, including attorney's fees, contained within that bill of costs? *See Armstrong v. State,* No. 07-09-0091-CR, 2010 Tex.App. LEXIS 6077 (Tex.App.--July 29, 2010, no pet. h.).

(3 )  Was the evidence legally sufficient to show that Appellant had financial resources that would enable him to offset, in part or in whole the costs of legal services provided? *See Mayer,* 309 S.W.3d at 556.

Having concluded that arguable grounds for appeal exist, we grant Appellant's counsel's motion to withdraw, abate this proceeding, and remand this cause to the trial court for the appointment of new counsel. *See Bledsoe,* 178 S.W.3d at 827; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

We direct the trial court to appoint new counsel to represent Appellant on appeal by September 17, 2010. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the clerk of this Court immediately after the appointment of counsel is ordered. Finally, the trial court shall cause its order appointing counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by October 1, 2010. Appellant's brief shall address the issues we have identified, together with any other arguable issues identified by counsel, and shall be due forty-five days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Publish.