CCA NO. PD-1623-14

ORIGINAL

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS
AT, AUSTIN, TEXAS

_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 02 2015

Abel Acosta, Clerk

MARION LOPEZ JUCUP
Appellant

VS.

THE STATE OF TEXAS

_____

FILED IN
COURT OF CRIMINAL APPEALS

MAR 0 2 2015

Abel Acosta, Clerk

IN APPEAL NO. 05-13-00878-CR
FROM THE
COURT OF APPEALS OF TEXAS
FOR THE 5TH JUDICIAL DISTRICT
AT DALLAS, TEXAS

_____

_____
**APPELLANT'S PRO SE PETITION FOR DISCRETIONARY REVIEW**
_____

Mario Lopez Jucup
TDCJ No. 1870734
Hughes Unit
Rt. 2, Box 4400
Gatesville, Texas   76597

APPELLANT PRO SE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Trial Court Judge:   Mark C. Stoltz

THE STATE OF TEXAS
      represented by:

Craig  Watkins
Dallas County District Attorney
133 N. Riverfront Blvd., LB 19
Dallas, TX  75202-4313
(at trial and on appeal)

Jason Fine, ADA
(at trial)

UNKNOWN, ADA
(on appeal)

MARIO LOPEZ JUCUP  (Appellant)
TDCJ No. 1870734
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX  76597
      represented by:

Hugho Aguilar
Attorney-At-Law
1327 Empire Centeral Dr.
Dallas, TX  75247
(pre-trial only)

Juantia Edgecomb
Attorney-at-Law
(UNKNOWN ADDRESS)
Navarro County, Texas
(pre-trial **apperance** only)

PRO SE
(at trial and on PDR)

April E. Smith
Attorney-At-Law
P.O. Box 870550
Mesquite, TX  75187-0550
(on appeal only)

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Identity of Judge, Parties, and Counsel | i |
| Table of Contents | ii |
| Index of Authorites | iii-iv |
| Statement Regarding Oral Argument | v |
| Statement of the Case | vi |
| Statement of Procedural History | vii |
| GROUNDS FOR REVIEW | viii |
| SUMMARY OF THE ARGUMENT | 1-2 |
| GROUND ONE: COUNSEL'S DUTIES IN ANDERS APPEALS | 2-12 |

Introduction...................................................3-4
Conditional Request for Self-Representation............4-5
Incorrect Admonishments = Involuntary Waiver of Counsel..6
Should Have Granted Motion to Dismiss Counsel.............7
No Admonishments and No Counsel Appointed for Jury Waiver.7-8
Incorrect Back-Time......................................8-10
Undefined Current Anders Standards (Reasons for Review)..10-12

| GROUND TWO: APPELLATE COURT'S DUTIES IN ANDERS APPEALS | 12-15 |

Introduction.................................................13
Selective Examination of the Record........................13
How Much of the Record Does the Court of Appeals
    Have to Read............................................14
Arguable Issue ≠ Harmful or Reversible Error...........14-15
Favorable Reformation of the Judgment......................15

| PRAYER | 16 |
| Verification / Certificate of Service (TO DA & COURT) | 16 |
| Certificate of Translation and Adoption | 16 |
| APPENDIX - COA OPINION | -- |

# INDEX OF AUTHORTIES

CASE LAW                                       PAGE

Aldrich v. State, 296 S.W.3d 225
        (Tex.App. - Fort Worth 2008)................7

Alford v. State, 367 S.W.3d 855
        (Tex.App. - Houston [14th Dist] 2012)........5

Anders v. California, 385 U.S. 738 (1967)...................PASSIM

Asberry v. State, 813 S.W.2d 526
        (Tex.App. - Dallas 1991)......................9

Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.2005)........3,13,14

Bray v. State, 179 S.W.3d 725
        (Tex.App. - Fort Worth 2005).................15

Brewer v. Williams, 97 S.Ct. 1232 (1977)...................5,6

Boykin v. Alabama, 395 U.S. 238 (1969)......................8,12

Burgees v. State, 790 S.W.2d 856
        (Tex.App. - Houston [14th Dist] 1990), aff.
           816 S.W.2d 424 (Tex.Cim.App.1991).......8

Ex parte Bynum, 772 S.W.2d 113 (Tex.Crim.App.1989)..........9

Cerf v. State, 366 S.W.3d 778
        (Tex.App. - Amarillo 2012)...................6

Evans v. State, 933 S.W.2d 334
        (Tex.App. - Waco 1996).......................

Faretta v. California, 95 S.Ct. 2525 (1975)................5

Godlinez v. Moran, 113 S.Ct. 2680 (1993)...................6

High v. State, 573 S.W.2d 807 (Tex.Crim.App.[panel Op.] 1978)..4,11,12

Jones v. State, 775 S.W.2d 199 (Tex.Crim.App.1990)..........9

Jones v. State, 545 S.W.2d 771 (Tex.Crim. App.1975).........9

Kelly v. State, 436 S.W.3d 313 (Tex.Crim.App.2014)..........3,10,11

Marquez v. State, 921 S.W.2d 217 (Tex.Crim.App.1996).........6

Marvin v. State, 851 S.W.2d 275 (Tex.Crim.App.1993).........8,12

Ex parte McCain, 67 S.W.3d 204 (Tex.Crim.App. 2002).........8

McCoy v. COA, 486 U.S. 429 (1988)..........................11,15

Meza v. State, 206 S.W.3d 684 (Tex.Crim.App. 2006 )............3,10

Moore v. State, 320 S.W.3d 520
        (Tex.App. - Amarillo 2010)...................15

Moore v. State, 916 S.W.2d 696
        (Tex.App. - Beaumont 1996)........................8

Ex parte Owens, 206 S.W.3d 670 (Tex.Crim.App.2006).........3

Pension v. Ohio, 488 U.S. 75 (1988).........................10

Smith v. **Robbins**, 528 U.S. 259 (2000)......................4,11,14,15

Rompilla v. Beard, 125 S.Ct. 2456 (2005)....................7

Scarbough v. State, 777 S.W.2d 83 (Tex.Crim.1989)...........5

In re Schulman, 252 S.W.3d 403 (Tex.Crim.App.2008)..........3,10,13,15

Sims v. State, 326 S.W.3d 707
        (Tex.App. - Texarkana 2010)...................6

Taulung v. State, 979 S.W.2d 854
        (Tex.App. - Waco 1998)......................15

U.S. v. Wagner, 163 F.3d 551 (7th Cir 1996)................14

Walker v. State, 962 S.W.2d 124
        (Tex.App. - Houston [1st Dist] 1997).........6

Ex parte Williams, 704 S.W.2d 773 (Tex.Crim.App.1986).......6

Wilson v. State, 40 S.W.3d 192
        (Tex.App. - Texarkana 2001)...................14

STATUTES                                                    PAGE

Texas Code Criminal Procedure
    Art. 1.13(c)...............................3,7,8
    Art. 1.051(h)...............................6
    Art. 26.04(j)(1)............................7
    Art. 42.03 § 2.............................10

Texas Rules o f Evidence
    Rule 201...................................10
    404(a)(2)..................................6
    405........................................6
    412........................................6

## STATEMENT REGARDING ORAL ARGUMENT

Appellant request oral argument because it would benfit the Court to be able to discuss the differnet standards for Anders Appeals that have been spoken of in the past and determine which standard is the best fit for Texas. Moreover, Oral Arugument would assist the Court in applying the Anders standards to the different issues pointed out by Appellant. Simply put, oral argument would help simply the facts and clarify the issues.

## STATEMENT OF THE CASE

This is an Anders appeal following a bench trial where the Appellant, Mario Lopez Jucup, represented himself at trial. Appellant, who speaks spanish, was accussed of continueous sexual abuse of his step-daughter and complained prior to trial that court-appointed trial counsel had not consulted with him about the facts of the case. Appellant requested the trial court to appoint counsel that was appointed to represent him in a different county on similar charges (that had spoken to Appelant about the facts). Appellant only requested to represnt himself becuase the trial court refused to appoint different counsel. As a result of that and Appellant not knowing the law, avialable evidence did not get properly introduced at trial that would have supported Appellant's testimony (that the charges were fabricated due to jeaslousy within the family and the mother's use of sexual activties with her children as a test of family members loyalty).

## STATEMENT OF PROCEDURAL HISTORY

In Cause No. F10-55339-R the Appellant, Mario Lopez Jucup, was charged with the offense of continueous sexual abuse of a child. The Appelant was convicted of that offense on May 29, 2013. A notice of appeal was timely filed on the same date.

On June 19, 2014 court-appointed appellate counsel filed a motion to withdraw and Anders brief. A copy of the Anders brief was provided to Appellant along with a copy of the appellate record and an extension of time to file a PRO SE Respose. Appeallant was not able to file a complete PRO SE Response because during that time period he was in transiet between several TDCJ units for in-process and medical treatment. Moreover, Appellant does not fully understand the english languge.

On Novemebr 24, 2014, the 5th Distsrict COurt of Appeals of Texas ISSUED its Memorandum Opinion and AFFIRMED the convicion (as modified). NO MOTION FOR REHEARING WAS FILED. On December 12, 2014 this Court of Crminal Appeals granted Appellant an extesnion of time until February 27, 2015 to file this PRO SE PDR. Then, On January 22, 2015 this Court suspened Rule 9.3(b) and permitted Appelant to file only one original of this PDR. This PDR was FILED, by placing it in the prison mail system on ___ Febrero 25, 2015

## GROUNDS FOR REVIEW

GROUND ONE:   IN AN ANDERS APPEAL, WHAT LEVEL OF "DUE DILIGENCE"
IS SUFFICIENT FOR COURT-APPOINTED APPELLATE COUNSEL'S
ASSAYING THE RECORD FOR ERROR AND DID COUNSEL IN
THIS CASE EXERCISE THAT LEVEL OF "DUE DILIGENCE"
WHEN HER ANDERS BRIEF FAILED TO DISCLOSE RECORD
FACTS SUPPORTING THAT:

1) Appellant did not clearly and unequivocally assert
his right to self-represntation at trial when his request
was conditioned upon the trial court's refusal to appoint
differnet counsel.    2 RR 13, 17, 20; 3 RR 8-9,13;

2) Appellant's waiver of counsel was not intelligently,
knowingly, and voluntarily executed when the trial court
incorrectly admonished Appellant that trial counsel could
never introduce evidnce of the victim's charcter and that
Appellant could never reassert his right to counsel once
the court approved the waiver of counsel.   2 RR 14; 3 RR 10, 18;

3) The trial court should have granted Appellant's motion
to dismiss counsel when appointed trial counsel admitted
that he had not consulted with Appellant about the facts
of the charge.   1 CR 48, 50; 2 RR 16, 3 RR 8, 13, 14, 18;

4) The trial court violated Article 1.13(c) of the Texas
Code of Criminal Procedure when the court failed to appoint
counsel to advise Appellant prior to accepting the jury waiver
(even if it was prior counsel) and the jury waiver was not
intelligently, knowingly, and voluntarily executed whenthe
trial court never admonished Appellant about his Sixth Amendment
right to a jury trial. 1 CR 57; 3 RR 19-20;

5) There was a clerical error in the Judgment concerning
the back-time, where it failed to incldue the time period
a detainer was lodged with TDCJ for this offense -- which
reformation of the Judgment would be favorbale to Appellant.
1 CR 10, 60; 2 RR 7, 8; 5 RR 13; 6 RR sx4, cx1.


GROUND TWO:   IN AN ANDERS APPEAL, WHAT DEGREE OF INDEPENDENT
EXAMINATION MUST THE COURT OF APPESL MAKE OF THE
RECORD AND HOW DOES A COURT MEASURE IF AN "ARGUABLE
ISSUE" HAS ENOUGH MERIT SO THAT THE APPEAL IS NOT
"WHOLLY FRIVOLOUS" (MUST IT BE HARMFUL, OR REVERSIBLE
ERROR OR IS REFORMATION OF THE JUDGMENT FAVORABLE
TO AN APPELLANT SUFFICIENT); AND, WHEN THE COURT
OF APPEALS IN THIS CASE OVERLOOKED THE ISSUES RAISED
BY APPELLANT (IN GROUND ONE) DID THE COURT TRUELY
FOLLOW THE CORRECT ANDERS STANDARDS?

## SUMMARY OF THE ARGUMENT

The right to counsel, both at trial and on appeal, is central
to our system of criminal justice. This case concerns both.
Appellant, Mario Lopez Jucup, was, and is, indigent. Thus, at
all times it was the duty of the trial court to appoint counsel
to represent Appellant. It has been said that one reason counsel
is so necessary is the need to deal with the complex mix of technical
rules that govern trials and appeals. That is exactly the breakdown
experenced in this case. At trial, due to the absense of counsel,
evidence that supported Appellant's testimony that the charges
were fabricated due to jealousy within the family and the mother's
use of sexual activities with her children as a test of family
members' loyalty was not correctly admitted into evidence. 6 RR cx1.
And, then on appeal, the lack of clear guidelines for Anders
appeals resulted in an Anders brief that failed to disclose record
facts to the court of appeals that arguably would have supported
that there was a denial of the right to counsel and a denial
of the right to a trial by jury.

The right to counsel is so important that courts must indulge
every reasonable presumption against the waiver of counsel. Yet,
both the trial court and appellate counsel have ignored that
maxim in this case. Afterall, the record is replete with references
that Appellant's requesst to represent himself was condintaional
on the trial court's refusal to replace court-appointed counsel
and that the waiver of counsel was not intelligently, knowingly,
and voluntarily executed. All Appellant really wanted was a
court-appointed attorney that would talk to him about the facts
of the charge -- which trial counsel pratically admitted he had

not consulted with Appellant about the facts. Nevertheless, the trial court refused to appoint Appellant's court-appointed counsel from a differnet county that was present at trial and ready to proceed to trial. Then, court-appointed appellate counsel failed to disclose these facts to the court of appeals, even in an Anders brief.

And, the court of appeals failed to uncover these facts during its independent examination of the record. The problem is that there are no set standards to guide court-appointed counsel and the appellate court in their examination of the record. Exactly what kind of facts are they looking for as they examine the record? In other words, what eactly makes an appeal "wholly frivolous" -- is the reformation of the judgment favorable to an appellant to correct back-time an "arguable issue"? In answering these type of questions, this Court can clarify the amount of due diligence in assaying the record that is sufficent, for both appellant counsel and the appellate court in Anders appeals.

## ARGUMENT

GROUND ONE: IN AN ANDERS APPEAL, WHAT LEVEL OF "DUE DILIGENCE" IS SUFFICIENT FOR COURT-APPOINTED APPELLATE COUNSEL'S ASSAYING THE RECORD FOR ERROR AND DID COUNSEL IN THIS CASE EXERCISE THAT LEVEL OF "DUE DILIGENCE" WHEN HER ANDERS BRIEF FAILED TO DISCLOSE RECORD FACTS SUPPORTING THAT:

1) Appellant did not clearly and unequivocally assert his right to self-representation at trial when his request was conditioned upon the trial court's refusal to appoint different counsel. 2 RR 13, 17, 20; 3 RR 8-9, 13;

2) Appellant's waiver of counsel was not intelligently, knowingly, voluntarily executed when the trial court incorrectly admonished Appellant that trial counsel could never introduce evidence of the victim's character and that Appellant could never reassert his right to counsel once the court approved the waiver of counsel. 2 RR 14; 3 RR 10, 18;

3)    The trial court should have granted Appellant's motion to dismiss counsel when appointed trial counsel admitted that he had not consulted with Appellant about the facts of the charge.   1 CR 48, 50; 2 RR 16, 20; 3 RR 8, 13, 14, 18;

4)    The trial court violated Article 1.13(c) of the Texas Code of Criminal Procedure when the court failed to appoint counsel to advise Appellant prior to accepting the jury waiver (even if it was prior counsel) and the jury waiver was not intelligently, knowingly, and vouluntarily executed when the trial court never admonished Appellant about his Sixth Amendment right to a jury trial.   1 CR 57; 3 RR 19-20;

5)    There was a clerical error in the Judgment concerning the backtime, where it failed to include the time period a detainer was lodged with TDCJ for this offense -- which reformation of the Judgment would be favorable to Appellant. 1 CR 10, 60; 2 RR 7, 8; 5 RR 13; 6 RR sx4, cx1.

This Court has recently "acknowledged 'that there is a need for uniform procedures for those cases in which an <u>Anders</u> brief is filed, especially as the Texas Rules of Appellate Procedure do not provide any explicit guidance.'"  <u>Kelly v. State</u>, 436 S.W.3d 313, ____ (Tex.Crim.App.2014)(quoting <u>In re Schulman</u>, 252 S.W.3d 403, 410 (Tex.Crim.App.2008).[1] In recent years this Court has individually addressed several of the Anders procedures.  See, <u>Kelly</u>, 436 S.W.3d at ____ (duty to provide Appellant with access to the appellate record to prepare PRO SE Response), <u>Schulman</u>, 252 S.W.3d at 410-411 (counsel's duty to file motion to withdraw), <u>Meza v. State</u>, 206 S.W.3d 684, 689 (Tex.Crim. App. 2006) (court of appeals duty to grant motion to withdraw), <u>Ex parte Owens</u>, 206 S.W.3d 670, 671 (Tex.Crim.App.2006) (counsel's duty to notify about right to file PRO SE PDR), <u>Bledsoe v. State</u>, 178 S.W.3d 824, 826-827 (Tex.Crim.App.2005)(court of appeals duty in writing Opinion).  However, the last time this Court addressed counsel's duty in examing the record and drafting the Anders brief was in 1978 when the appellate rules where very different and the trial court reviewed the appellate briefs.

See, High v. State, 573 S.W.2d 807, 811-812 (Tex.Crim.App.[Panel Op.] 1978). And, since that time the U.S. Supreme Court has clarified the Constitutional principals that control Anders appeals. See, Smith v. Robbins, 528 U.S. 259 (2000). It is time for this Court of Criminal Appeals of Texas to directly address the duties of court-appointed appellate counsel in Anders appeals in relation to examining the record and drafting the Anders brief.

This appeal is the perfect example to use to review the duties of court-appoined appellate counsel in examining the record and drafting the Anders brief because of the several different types of issues pointed out by Appellant. To begin with, the court of appeals did hold that counsel's Anders brief was adequate. COA Op. pg. 1. Indeed, counsel did present a cursory review of the record in her Anders brief. Anders Brief pg. 1, 3-6. However, as pointed out by Appellant herein there are several important record facts that appellate counsel did not disclose in her Anders brief.[2] Thus, the question: did court-appointed appellate counsel have a duty to present these facts to the appellate court in her Anders brief (with supporting legal authorties)?

CONDITIONAL REQUEST FOR SELF-REPRESENTATION

The important facts that counsel failed to disclose in her Anders brief mostly relate to Appellant's request to represent himself that was conditional. Primarly, appellate counsel failed to disclose to the court of appeals that facts existed that arguably could have raised the very issue that Appellant's request to represent himslef was conditioned upon the trial court's refusal to replace trial counsel. 1 CR 48-51 (motion to dismiss counsel and

supporting affidaivit); 2 RR 16-17 ("If I have no other option, can I not represent myself?), 20 ("How can I go to trial if he doesn't know anything that's happened?"), 21 ("From what I'm understanding is even though I don't have a legal law degree, I can speak for myself."); 3 RR 8-9 ("What I've seen is that nothing is going in my favor so I need to face my situation, and if I fail, it's going to be because of what I say. ...during the time that I've been here in this county, my attorney came to see me for about five minutes. ... And five minuets ago he told me I was stupid. And I honestly don't feel well with those words so I need to face my situation by myself."), 13 ("**If I cannot be given another one, of course, yes.** ... Ithink that's one of my rights, that if I'm not comfortable with him I can -- that I can find a legal attroeny that I know can advise me. That's why I have to face my personal situation."). These facts arguably support that Appellant's request to represent himself at trial was not clearly and unequivocally asserted. See, <u>Alford v. State</u>, 367 S.W.3d 855 (Tex.App. - Houston [14th Dist] 2012); See also, <u>Faretta v. California</u>, 95 S.Ct. 2525, 2541 (1975), <u>Scarbough v. State</u>, 777 S.W.2d 83, 92 (Tex.Crim.App.1989). Moreover, it is well-established that courts must consider every reasonable presumption against a waiver of counsel. See, <u>Brewer v. Williams</u>, 97 S.Ct. 1232, 1242 (1977)(same standard for pre-trial and trial). Appellate counsel should have presented these facts in her Anders brief that would have supported a presumption that Appellant did not clearly and unequivocally invoke his right to represnt himself.

1. "Anders" refers to Anders v. California, 385 U.S. 738 (1967) throughout.
2. Appellant's PRO SE Response did not include these issues because, as demonstrated by the record, Appellnat needs an interpreter to understand English and was in tarnsiet between TDCJ units, leaving him unable to complete a response on his own or to seek the help of another Inmate.

INCORRECT ADMONISHMENTS = INVOLUNTARY WAIVER OF COUNSEL

Appellate counsel also failed to disclose in her Anders brief that the trial court's admonishment concerning the waiver of Counsel were not always correct. The trial court incorrectly admonished Appellant that Appellant could never reassert his right to counsel once the court approved the waiver. 3 RR 10, 18; See cf., Tex. Code Crim. Proc., art. 1.051(h); Marquez v. State, 921 S.W.2d 217, 221-22 n.4 (Tex.Crim.App.1996), Walker v. State, 962 S.W.2d 124, 127-128 (Tex.App. - Houston [1st Dist] 1997). Additionally, the trial court incorrectly told Appellant that trial counsel could never introduce evidence at trial concerning the character of the alleged victim.[3] 2 RR 13-14; See cf., Tex. R. Evid. 404(a)(2), 405, 412. The trial court probably did not have a duty to make these types of admonishments; however, once the trial court choose to make them, the admonishments had to be accurate. See, Ex parte Williams, 704 S.W.2d 773 (Tex.Crim. App.1986)(incorrect admonishment about probation for guilty plea), Sims v. State, 326 S.W.3d 707 (Tex.App. - Texarkana 2010)(incorrect admonishment about right to appeal). Again, courts must indulge every reasonable presumption against the vaildity of a waiver of counsel. See, Brewer, 97 S.Ct. at 1242, Cerf v. State, 366 S.W.3d 778, 782-783 (Tex.App. - Amarillo 2012). These facts support that Appellant's waiver of the right to counsel was not intelligently, knowingly, and voluntarily executed. See, Godlinez v. Moran, 113 S.Ct. 2680, 2687 (1993). Appellate counsel should have presented these facts in her Anders brief.

---

3. In his Affidaivt supporting his motion to dismiss counsel Appellant explained he wanted an investigator to "establish the character of the complaintant, (eg), Does the complaintant have a history of embelishing the truth, does this accusation further a private agenda of the complaintant (etc)." 1 CR 50.

SHOULD HAVE GRANTED MOTION TO DISMISS COUNSEL

Moreover, counsel failed to disclose in her Anders brief facts that arguably would support that the trial court should have granted Appellant's request to "dismiss" court-appointed counsel (and appoint new counsel).[4] Appellant's main complaint was that trial counsel had not consulted with Appellant about the facts of the charge. 1 CR 48, 50; 2 RR 13, 20; 3 RR 8-9, 13. In response to those accusations, rather than refute that he had consulted with Appellant about the facts, trial counsel explained that he had gathered information about the facts of the charge from Appellant's counsel from another county. 3 RR 14. Can trial counsel rely upon a different attorney to consult with a criminal defendant and to investigate the facts? No, the attorney that the trial court appoints to represent a criminal defendant must himself consult with the defedant and persoanlly investigate the facts. See, Tex. Crim. Proc., art. 26.04(j)(1); Rompilla Beard, 125 S.Ct. 2456 (2005), Aldrich v. State, 296 S.W.3d 225, 244-245 (Tex.App. Fort Worth 2009). Yet, no where in her Anders brief did appellate counsel disclose these facts to the court of appeals.

NO ADMONISHMENTS AND NO COUNSEL APPOINTED FOR JURY WAIVER

Perhaps most importantly, appellate counsel did not present in her Anders brief that the waiver of a jury was executed (and accepted) without counsel. Article 1.13(c) requires that:

---

4. Appellant specfically requested the trial court to appoint, Juanita Edgecomb, who was his court-appointed attorney from Corsicana because she was already familar with the facts of the charge and was presnt at trail. 3 RR 13, 18.

"... before a defendant charged with a felony who has no attroeny can agree to waive a jury, the court must appoint an attorney to represent him."

Tex. Code Crim. Proc., art. 1.13(c); See also, Ex parte McCain, 67 S.W.3d 204, 212 n.3 (Tex.Crim.App. 2002)(Dissent by Holcomb, J.) (majority did not address that Article 1.13(c) is still mandatory when a defendant chooses to represnt himself), Burgess v. State, 790 S.W.2d 856, 861 (Tex.App. - Houston [14th Dist] 1990)(parties viewed Art. 1.13(c) to apply when defendant represented himself), aff. on other grounds, 816 S.W.2d 424 (Tex.Crim.App.1991); cf., Moore v. State, 916 S.W.2d 696, 697 (Tex.App. - Beaumont 1996). The trial court in this case "discharged" appointed trial counsel prior to any discussion about a jury waiver. 3 RR 19-20. Indeed, the jury waiver form, that has a blank for defense counsel to sign, has no signature of any defense counsel. 1 CR 57. This is a type of error that may be raised for the first time on direct appeal. See ie., Marvin v. State, 851 S.W.2d 275 (Tex.Crim.App.1993). Additionally, the trial court did not speficially admonish Appelant about his Sixth Amendment right to a jury trial. 3 RR 19-20. The trial court simply accepted the waiver of a jury. The trial court had a duty to admonish Appellant about his Sixth Amendment right to a jury trial and without that admonishment the jury waiver was not intelligently, knowingly, and voluntarily executed. See ie., Boykin v. Alabama, 395 U.S. 238, 243 (1969)(admonishment about right to jury trial must be "spread on the reocrd" for a voluntary guilty plea). These are the type of facts (and law) that appellate counsel had a duty to present in an Anders brief.

INCORRECT BACK-TIME

Finally, court-appointed appellate counsel failed to disclose

in her Anders brief that the Judgment had a clerical error in the recording of the awarded back-time. In sentencing Appellant the trial court orally awarded "credit for all your back-time." 5 RR 13. ANd, the record demonstrates that a detainer was lodged with TDCJ for this offense on August 1, 2011. 1 CR 10 ("TWX" stamp). Yet, the Judgment only credited back-time from October 1, 2012 until May 29, 2013 (the date of sentencing). 1 CR 60. This was a clerical error in the Judgment -- the correction of which would be favorable to Appellant.

It is well-established that a criminal defendant is entitled to back-time credit for when a detainer was lodged against him for the charged offense. See, Ex parte Bynum, 772 S.W.2d 113, 116 (Tex.Crim.App.1989). And, the record has multiple references that Appellant was incarated in TDCJ's Sanchez State Jail in El Paso, Texas during the investigation of this offense. 2 RR 7-8; 6 RR sx4, cx1 (offense report and affidavit of Evelyn Brister). Moreover, the arrest warrant itslef list Appellant's address as the State Jail in El Paso.[5] 1 CR 10. Yet, the Judgment only includes back-time from when Appellant was "arressted" by the Dallas County Sheriff on October 1, 2012 (and transported from the Navarro County Jail to the Dallas COunty Jail). 1 CR 10, 2 RR 7. The trial court had a mandatory duty to include the time period of the detainer in the credited back-time. See, Tex. Code Crim. Proc., art. 42.03 § 2; Jones v. State, 545 S.W.2d 771 (Tex.Crim.App.1975). Just as the court of appeals corrected the clerical error in the Judgement about the sex offender registration, so the court of appeals could have corrected this clerical error for the first time on appeal. See, Jones v. State, 775 S.W.2d 199 (Tex.Crim.App.1990), Asberry v. State, 813 S.W.2d 526, 529-530

(Tex.App. - Dallas 1991).  Appellate counsel should have disclosed this concern in her Anders brief.

UNDEFINED CURRENT ANDERS STANDARDS

Court-appointed appellate counsel's Anders brief should "set[] out the attorneys due diligence investigation" to allow the appellate court to make a "determination whether counsel has exrcised sufficient diligence in assaying the record for error..." Kelly, 436 S.W.3d at ____ n.17 (quoting Meza v.State, 206 S.W.3d at 687 and citing Pension v. Ohio, 488 U.S. 75, 82-83 (1988)), Schulman, 252 S.W.3d at 407.  Additonally, the purpose of an Anders brief is to:

> "assur[e] the appellate court that the attorney has
> indeed made a thorough and consientious examination
> of the record, has provided the appellate court with
> appropriate facts of the case and its procedural
> history, and has pointed out any potentionally plausible
> points of error."

Schulman, 252 S.W.3d at 406.  While this court appears to have set forth some standards of "due diligence" and "potentially plausible points of error", the Court has given no guidance to what a "sufficient[ly]" diligent examination of the record is measured by nor what type of issue would be considered a "potentially plausible point of error."  The Court should grant review to set forth specfic standards of the level of due diligence counsel must exercise in assyaing the record for error and define what constitutes a potentionally plausible point of error or "arguable issue."

There have been many platitudes made about counsel's duty to zealously represent her client.  See ie., Kelly, 436 S.W.3d at ____ n.18 (quoting Schulman, 252 S.W.3d at 411); See also,

5,    Appellant asks the Court to take JUDICAL NOTICE of the address of the TDCJ's Sanchez State Jail in El Paso, Texas.  See, Tex. R. Evid. 201.

<u>McCoy v. COA</u>, 486 U.S. 429, 438 (1988). These include statements made about the type of attitude with which appellate counsel should approach her examination of the record. See, <u>Robbins</u>, 528 U.S. at 293 (Dissent by Souter, J.)(counsel's examination of the record should be with "An advocate's eye, identifying and weighing potential issues for appeal. This is review not by a dispassionate legal mind but a committed representative, pledged to [her] client's intrest, primed to attack the conviction on any grounds the record may reveal."), <u>McCoy</u>, 486 U.S. at 444 ("a zealous advocate will resolve all doubts and ambigous legal questions in favor of his or her client."), <u>High</u>, 573 S.W.2d at 812 ("if necessary advocating a change in the rules of law if rational arguments can be advanced in support of the change."). However, there is not set, or measurable standard of diligence, that has been definded to determine if counsel has sufficiently invetigated the record. And, inspite of these wonderful ideas about zealous representation, it is the common practice for appellate courts in Texas to simply repeat the formulaic terms that "the brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance." COA Op. pg 2.

This formulaic terminology used by the court of appeals, is used in no small part as a result of the fact that the last time this Court directly addressed court-apponted counsel's duty in examining the record and drafting an ANders brief was in 1978. At that time, this Court held that an Anders brief must:

"discuss the evidence aduced at the trial, point out
where pertianet testimony may be found in the record,
refer to pages in the record where objections were
made, the nature of the objection, the trial court's
ruling, and discuss [] why the trial court's ruling
was correct..."

High, 573 S.W.2d at 813.[6] Yet, much has changed in Texas' criminal law jurisprudence in the past 35 years. For instance, it has been clarified that there are some types of errors that may be raised for the first time on appeal. See, Marvin, 851, S.W.2d at 280 . Not to mention that today the vast majority of Anders appeals involve guily plea cases -- where, similar to this case, the major concern is the voluntariness of the waiver of several consitutional rights. See, Boykin, 359 U.S. at 243. The old requirments of High, that focused on trial testimony, simply doe not address the realities of todays criminal law jurisprudence.

To address this situation the 5th Circuit, U.S. Court of Appeals, has established specific guidelines for court-appointed appellate counsel to follow in drafting Anders briefs. See,

Such detailed guidelines might not be appropriate in Texas. Nevertheless, some form of specfic guidelines that provides the court of appeals with an accurate measuring standard to determine if appellate counsel has exercised sufficient, or due, diligence is assaying the record for error should be established by this Court. Therefore, this Court should grant review in this case to set forth the proper procedures and standards for Anders appeals.

GROUND TWO:   IN AN ANDERS APPEAL, WHAT DEGREE OF INDEPENDENT EXAMINATION MUST A COURT OF APPEASL MAKE OF THE RECORD AND HOW DOES A COURT MEASURE IF AN "ARGUABLE ISSUE" HAS ENOUGH MERIT SO THAT THE APPEAL IS NOT "WHOLLY FRIVOLOUS" (MUST IT BE HARMFUL, OR REVERSIBLE ERROR **OR** IS REFORMATION OF THE JUDGEMNT FAVORBALE TO AN APPELLANT SUFFICIENT); AND, WHEN THE COURT OF APPEALS IN THIS CASE OVERLOOKED THE ISSUED RAISED BY APPELLANT (IN GROUNDONE) DID THE COURT TRUELY FOLLOW THE CORRECT ANDERS STANDARDS?

---

6.   High required counsel to explain why the error was not harmful. In Ground for Review Two Appellant questions whether it is proper to base a determination of if an appeal is wholly frivolous based upon the lack of "harmful error."

This Court has recently held that it will continue to follow Anders that requires a court of appeals to conduct "a full examination of all the proceedings, to decide whether the case in wholly frivolous." Schulman, 252 S.W.3d at 408-409 (following Anders, 386 U.S. at 744). Yet, this Court has also allowed that the court of appeals do not have to "show their work" in their Opinions in Anders appeals showing how the court examined the record. See, Bledsoe, 178 S.W.3d at 826-827. Therefore, in this case, the court of appeals simply stated in their Opinion that the court had reviewed the record and agreed with cousel that the appeal was "frivolous." COA Op. pg. 2. However, as discussed in Ground for Review One, there are multiple "arguable issues" that could be raised in this appeal. How did the court of appeals' independent examination of the record miss these arguable issues?

## SELECTIVE EXAMINATION OF THE RECORD

The court of appeals' Opinion addressed a clerical error in the Judgment and held it was not an arguable issue (because it was not favorable to Appellant). Yet, the court of appeals failed to uncover that in the same Judgment it incorrectly recorded that Appellant "appeared in person with Counsel" and did not waive counsel. 1 CR 60-61; cf. 1 CR 58. Why would the court of appeals be selective in their examination of the record? Could it be that the failure of the Judgment to state the the waiver of counsel was voluntary would be favorable to Appellant's arguable issues that he presents about the waiver of counsel -- in that, there would be no presumption of regularity of the Judgment to overcome? In any event, the court's failure to uncover all the clerical errors in the Judgement reveals that its "full

examination" of the record was not as in depth as the Opinion would lead one to believe it was.

## HOW MUCH OF THE RECORD DOES THE COURT OF APPEALS HAVE TO READ?

There are three separate concerns, other than the pro forma Opinions, that if this Court addressed them the Court could clarify the degree of independent examination of the record is required by the court of appeals in Anders appeals. First, this Court could directly address how much of the record a court of appeals must read during its independent examination. This must be addressed because at least one court of appeals has held that an appellate court does not have to "scour the record for any possible error." See, Wilson v. State, 40 S.W.3d 192, 198 (Tex.App.-Texasrakana 2001)(following U.S. v. Wagner, 163 F.3d 551, 552 (7th Cir. 1996). It may sound reasonable to limit the amount of the record that the court of appeals must actually read; yet, Anders itself requires "a full examination of all the proceedings."

## ARGUABLE ISSUE ≠ HARMFUL OR REVERSIBLE ERROR

SECOND, THERE ARE NO CLEAR GUIDELINES AS TO EXACTLY WHAT STANDARD MAKES AN APPEAL "WHOLLY FRIVOLOUS". The U.S. Supreme Court has itself recognized the confusion over what "wholly frivolous" means in the Anders context. See, Robbins, 528 U.S. at 282. The Supreme Court left it to the states to resolve the problem. In the past this Court has implied that wholly frivolous could be defined as an appeal having no harmful, or reversible error. See, Bledsoe, 178 S.W.3d at 828, High, 573 S.W.2d at 813. However, the U.S. Supereme Court has at the very least held what wholly frivolous is NOT:

- "unlikely to prevail on appeal",
- "no grave of prejudical errors", or
- "that the appeal would be unsucessful."

See, Robbins, 528 U.S. at 279.

Most recently, this Court has used the term "potentially plausible grounds for appeal" to describe what an appellate court if looking for during its independent examination of the record. See, Schulman, 252 S.W.3d at 409. Nevertheless, in this case, the court of appeals looked for "arguable issues" which is perhaps the most common term appellate courts use to describe whether an appeal is frivolous. COA Op. pg. 2. Yet, "arguable issue" is the very term that the Supreme Court recognized as causing the confusion over what "wholly frivolous" actually means. See, Robbins, 528 U.S. at 285. Not to mention, if counsel were truely being a zealous advocate, they could almost alwyas present some arguable issue, regardless of how convincing it might be. See, McCoy, 486 U.S. at 446 (Dissent by Brennan, J.), Taulung v. State, 979 S.W.2d 854, 857 (Tex.App. - Waco 1998). Without better guidance on how wholly frivolous is to be measured the court of appeals do not know what to look for during their independent examination of record.

FAVORBALE REFORMATION OF THE JUDGMENT

Third, there is split amoung the court of appeals concerning if reformation of the judgment favorable to an appellant negates a finding of an appeal being wholly frivolous. See, Moore v. State, 320 S.W.3d 520 (Tex. App. - Amarillo 2010), Evans v. State, 933 S.W.2d 334 (Tex.App. - Waco 1996)(following McCoy, 108 S.Ct. at 1905); cf. Bray v. State, 179 S.W.3d 725 (Tex. App. - Ft. Worth 2005). In this case, the back-time issue raised in Ground one would result in reformation of the judgment favforable to Appellant.

## PRAYER

Thus, Appellant, Mario Lopez Jucup, PRAYS that this Court GRANT review in this case to establish "uniform procedures for those cases in which an Anders brief is filed" for any, one, or some of the reasons given on one or both the presented grounds or upon any ground the Court crafts on its own motion; AND, ANY AND ALL OTHER RELIEF THIS COURT FINDS PROPER IN THE INTEREST OF JUSTICE.

Respectfully Submitted,

x _____
Mario Lopez Jucup
TDCJ No. 1870734
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX 76597

APPELLANT PRO SE

## VERIFICATION / CERTIFICATE OF SERVICE (TO DA AND COURT)

I, Mario Lopez Jucup, TDCJ Id No. 1870734, being presntly incarcerated in the Hughes Unit of TDCJ-CID, in Coryell County, Texas do declare that the facts in this PDR are true and correct under the penalty of perjury and that I have caused a copy of this PDR to be served on the Dallas County District Attorney and the State Prosecutting Attroeny; AND that I have mailed this PDR to the Clerk of the Court of Criminal Appeals of Texas by placing the PDR (and its copies) in the prison mail system to be mailed 1st Class USPS on the date executed below.

EXECUTED on this the 25 day of Febrero , 2015.

x _____
Mario Lopez Jucup
Appellant PRO SE

## CERTIFICATION OF TRANSLATION AND ADOPTION

This PDR has been translated into to spanish to be read to the Appellant and the Appellant, Mario Lopez Jucup, understands that he is adopting this PDR as his own as if he wrote it himself.

x _____
Mario Lopez Jucup
Appellant PRO SE

Affirmed as Modified and Opinion Filed November 24, 2014



In The

## Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-13-00878-CR

---

### MARIO LOPEZ JUCUP, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-55339-R

---

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice FitzGerald

Mario Lopez Jucup waived a jury and pleaded not guilty to continuous sexual abuse of a young child.[1] After finding appellant guilty, the trial court assessed punishment at thirty years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California.*[2] The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance.[3] Counsel delivered a copy of the brief to appellant.[4]

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2013).

[2] 386 U.S. 738 (1967).

[3] *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978).

Appellant filed a pro se response raising several issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit.[5] We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment contains an error. In addition to assessing punishment, the trial court stated that appellant was subject to the sex offender registration requirements of Chapter 62 and that the age of the victim was less than fourteen years of age. The trial court told appellant that he would be required to register as a sex offender.[6] The judgment, however, states the sex offender registration requirements "do not apply to the Defendant." We modify the judgment to show that sex offender registration requirements apply and the victim's age was ten years.[7]

As modified, we affirm the trial court's judgment. We order the trial court to issue an amended judgment that reflects this change and to include any other language required by the Texas sex offender registration statutes.

Do Not Publish
TEX. R. APP. P. 47
130878F.U05

_____
KERRY P. FITZGERALD
JUSTICE

---

[4] *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

[5] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).

[6] *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2013).

[7] *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARIO LOPEZ JUCUP, Appellant

No. 05-13-00878-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F10-55339-R).

Opinion delivered by Justice FitzGerald, Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to show that Sex Offender Registration Requirements do apply to the defendant and that the age of the victim as the time of the offense was ten years.

As modified, we **AFFIRM** the trial court's judgment.

We **ORDER** the trial court to issue an amended judgment that reflects the above changes and to include any other language required by the Texas sex offender registration statutes.

Judgment entered November 24, 2014.

MARIO LOPEZ JUNIOR
TDCJ No. 1870734
Hughes Unit
Rt. 2, Box 4400
GATESVILLE, TX 76597

CRIMINAL APPEALS OF TEXAS

12308

78711